UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THUNDERBIRD TRADING POST, INC., a Puyallup Tribal Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>U.S. BUREAU OF ALCOHOL, TOBACCO AND FIREARMS; STEVE HIGGINS, Director; DOUGLAS K. KROUGH, Special Agent; AND OTHER AGENTS, names unknown; U.S. DEPARTMENT OF JUSTICE; INTERNAL REVENUE SERVICE; W.D. MALONE, Director; STATE OF WASHINGTON, DEPARTMENT OF REVENUE<br><br>    Defendants. | Case No. C92-5181RJB<br><br>**ORDER** DENYING IN PART AND GRANTING IN PART DEFENDANT STATE OF WASHINGTON, DEPARTMENT OF REVENUE'S MOTION TO DISMISS |

    This matter comes before the above-referenced motion (Dkt. 75). The court is familiar with all documents filed in support of and in opposition to the motion, and the records and files herein.

    In 1999, federal agents ("ATF") seized some 370 cases of cigarettes from the plaintiff ("Thunderbird"). Thunderbird, by its Amended Complaint (Dkt. 68) brought claims against the Washington State Department of Revenue ("State") and the other defendants. It is not clear exactly what claims are made against exactly what defendants from the language of the Amended Complaint. The State now moves to be dismissed from the case on the grounds of state sovereign immunity as recognized by the 11th Amendment of the United States Constitution. The plaintiff argues that the state has waived its immunity.

ORDER
Page - 1

It appears reasonably clear from the record that the seized cigarettes that are the subject of this case are the same cigarettes covered by the Stipulation and Order of Dismissal entered under Docket No. 9112-096 before the Appeals Division of the Department of Revenue of the State of Washington. Said proceeding is under the caption of "In the Matter of the Seizure and Forfeiture of: 370+ Cartons of Unstamped Cigarettes Claimed by the Thunderbird Trading Post, Inc., AKA Elizabeth V. Gord" (Dtk. 75-3, "Stipulation and Order").

It also appears reasonably clear that the reference in that Stipulation and Order to "as ordered by the United States District Court for the Eastern District of Washington" is a reference to the Order to Dispose of Perishable Contraband entered in the United States District Court for the Eastern District of Washington in Cause No. 91-0285-00 by the Honorable Cynthia Imbrogno, United States Magistrate Judge, under the title "In the Matter of the Application of the United States for Search Warrants" (hereafter "Eastern District Order"). It also appears reasonably clear to the court that the reference to the Eastern District Order in the Stipulation and Order was intended to simply set out an agreed procedure for handling the subject cigarettes in the Department of Revenue matter (and in this case). Apparently the cigarettes seized in this case were not covered by the search warrants that were issued in the Eastern District case.

With that background, the court must decide whether the State has waived its 11th Amendment immunity.

It appears to the court that the Stipulation and Order was an unequivocal expression of a waiver of immunity and consent to jurisdiction of a federal court, voluntarily made, but that the waiver of 11th Amendment immunity was limited to complying with an order "by the appropriate federal court having jurisdiction over said funds." (The funds being the proceeds from the auction of the seized cigarettes referred to in the Stipulation and Order.)

This conclusion is bolstered by the language of the State's Reply in Support of Motion to Dismiss (Dkt. 78, page 5, line 19 - 22) wherein the State acknowledged that it would comply with the order of the federal courts in arranging return of the auction proceeds. In that document, the State said, "However, if this Court does determine that the cigarettes seized from Thunderbird were not contraband, and that decision is upheld in any appeal that my [be] brought by the federal defendants,

ORDER
Page - 2

the Department will cooperate with the federal agency defendants to arrange return of the auction proceeds." That statement, while acknowledging the authority of the federal court, is not entirely consistent with the Stipulation and Order. Under its Stipulation and Order with the State, the plaintiff here need not rely on the State's "cooperation with the federal agency defendants." The State agreed with plaintiffs to deposit the funds "as ordered by the appropriate federal court having jurisdiction." That is a clear, if limited, waiver of sovereign immunity and a consent to jurisdiction in the federal court having jurisdiction over the funds.

Although the State is only a stakeholder in this case, this court has limited jurisdiction over the State to issue a order directing the State to deposit proceeds of the auction of the seized cigarettes in the court's registry. To that extent, the Motion to Dismiss is DENIED IN PART. All other claims, such as they may be, against the State, should be dismissed as beyond this court's jurisdiction, due to the State's 11th Amendment immunity that has not been waived as to any other claim.

Therefore, for the foregoing reasons, and to the extent stated, the State's Motion to Dismiss is DENIED IN PART AND GRANTED IN PART.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 23RD day of October, 2006.

Robert J. Bryan
United States District Judge